IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>MAKYRA JONES,<br><br>      Defendant. | Case No. 3:19-CR-30071-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release under the First Step Act filed *pro se* by Defendant Makyra Jones. (Doc. 48). Jones asks the Court to reduce her sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic and her health conditions. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

On February 13, 2020, Makyra Jones was sentenced to 105 months in prison for three counts of Interference with Commerce by Robbery. (Doc. 46). In 2019, Jones robbed three separate businesses days apart, stealing approximately $525. During each robbery, she either showed a gun or inferred she was armed. (Doc. 39 at p. 1-3). Jones pleaded guilty to all three counts pursuant to a written plea agreement on October 28, 2019. (Docs. 36, 37). That agreement contained the following provisions:

> 5.    Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However,

in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of, or contest any aspect of, the conviction or sentence in any type of proceeding**, including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law. Defendant's waiver of the right to appeal or bring collateral attacks includes contesting: 1) the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced; and 2) that the conduct to which Defendant has admitted does not fall within the scope of such statute(s).

6. **Exceptions to the waiver of the right to appeal or bring a collateral attack:**

    a. If the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

    b. The defendant's waiver of the right to appeal or bring a collateral attack does not apply to a claim that Defendant received ineffective assistance of counsel.

    The United States reserves the right to oppose any such claim for relief. The parties agree that the Defendant is waiving all appeal and collateral attack rights, except those specified in this paragraph of the Plea Agreement.

(Doc. 37 at pp. 9-10).

In September 2020, Jones tested positive for COVID-19 and has since recovered with lingering health effects including some shortness of breath, fatigue, loss of smell, and muscle cramps. (Doc. 48, pp. 1-4). She seeks compassionate release based on the COVID-19 pandemic, the fact that she contracted the virus, and the fact that she is obese. (*Id.*).

In response, the Government argues Jones has only served a little over a year of her sentence, that she has waived her right to compassionate release, and there are no extraordinary or compelling reasons for release. (Doc. 52 at pp. 14-17). The Government also argues that, if released, Jones could pose a threat to public safety due to her criminal history and her accumulated disciplinary infractions while in prison. (*Id.* at pp. 17-18).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prison. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The parties do not dispute that Jones exhausted her administrative remedies before moving for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling

reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

The parties make a number of arguments for and against compassionate release, but the Court need only focus on one: Jones's waiver in her plea agreement. As part of her plea agreement, Jones agreed to forego the right to seek modification of her sentence in any type of proceeding that could be contested under Title 18, Title 28, or any other provision of federal law.

The Seventh Circuit Court of Appeals recently addressed the enforceability of an appellate waiver in a plea agreement as it pertains to motions for compassionate release. *United States v. Bridgewater*, 995 F.3d 591 (7th Cir. 2021). In *Bridgewater*, the Court held that a waiver containing the same language at issue here expressly and unambiguously extended to any attempt to seek compassionate release. *Id.* The defendant had waived the right to seek modification of any aspect of his sentence, and compassionate release under 18 U.S.C. § 3582(C)(1)(A) is "clearly a form of sentence modification." *Id.* Furthermore, the defendant waived his right to seek modification of his sentence in 2019, *after* the First Step gave inmates the right to seek modification without the support of the Bureau of

Prisons. *Id.* "In other words, this type of modification proceeding was known and available when Bridgewater agreed not to use it." *Id.* The Court additionally found that the COVID-19 pandemic does not render a defendant's earlier waiver unknowing or involuntary. *Id.* "At worst, [the defendant] did not fully appreciate that he might wish to change his mind later. . . . Yet, such is the risk with plea-bargaining and waiver." *Id.* (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)).

The *Bridgewater* decision effectively forecloses Jones's attempt to seek compassionate release. The language of her plea agreement clearly extends to any attempt to "modify" her sentence in any type of proceeding. Moreover, she signed her plea agreement in October 2019, well after the First Step Act was enacted. Thus, the ability to modify her sentence through a compassionate release motion was known and available to Jones when she waived it, and the COVID-19 pandemic does not render that waiver unknowing or involuntary.

Because Jones waived the right to seek modification of her sentence through a compassionate release motion under the express terms of her plea agreement, her *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 48) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** May 19, 2021

*Nancy J. Rosenstengel*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**